# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAUNDRO WILKERSON, | CASE NO. 1:10-CV-00724-AWI-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| K. HARRINGTON, et al., | (DOC. 1) |
| Defendants. | |

**Screening Order**

**I.    Background**

Plaintiff Saundro Wilkerson ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on April 26, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1  1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.  Summary Of Complaint

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants warden K. Harrington, and appeals coordinators T. Billings and B. Daviega.

Plaintiff alleges the following. On February 9, 2010, an incident occurred between black and white inmates in building 5-B of facility B. Prison officials determined this incident was a riot. All participants were then placed on administrative segregation, but with rights as to non-contact visits, canteen access, and yard privilege. However, black and white inmates in general population were locked down pursuant to a program status report which suspended all privileges indefinitely. Plaintiff was included amongst these inmates. Plaintiff was also discontinued from his anti-psychotic medication which caused him to experience severe symptoms of his bipolar disorder. Plaintiff experienced angry voices, depression, sleep deprivation, hopelessness, and general bipolar symptoms. Plaintiff contends that punitive measures were taken by staff, including loud noises all night and bright lights to deprive Plaintiff of his rest and peace of mind.

Plaintiff attempted to seek relief through the administrative appeal process. Plaintiff alleges that Defendants T. Billings and B. Daviega obstructed and suppressed Plaintiff's First Amendment rights to exhaust administrative remedies. Plaintiff contends that his mail is being processed in an untimely manner, and showers are not being run consistently. Plaintiff contends that a hostile environment is being created to repress black and white inmates in general population via race-based lockdowns. Plaintiff contends that this is invidious discrimination.

1  Plaintiff contends that the interview process is used to cultivate relationships with confidential
2  informants who are used as agents by the prison to gauge the mood of the inmate population.
3  Plaintiff contends that this is a liberty interest.
4  　　　　Plaintiff requests declaratory relief, injunctive relief, compensatory and punitive damages,
5  and a transfer to a prison which will provide medical support for Plaintiff's physical and
6  psychological disabilities.

7  **III.	Analysis**
8  　　　　**A.	Eighth Amendment**
9  　　　　　　　　1.	Medical Care

10 　　　　The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does
11 not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
12 citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an
13 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
14 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
15 indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
16 *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
17 indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
18 must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*
19 *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]
20 an excessive risk to inmate health or safety . . . ." *Id.* at 837.

21 　　　　"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under
22 this standard, the prison official must not only 'be aware of the facts from which the inference
23 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
24 inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
25 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
26 matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
27 1188 (9th Cir. 2002)).

28 　　　　Here, Plaintiff alleges that he was discontinued from his antipsychotic medication, which

3

caused Plaintiff to suffer symptoms such as hearing angry voices, depression, sleep deprivation, hopelessness, and other bipolar-related disorders. It is unclear how long Plaintiff was deprived of his medication, and thus unclear as to the seriousness of the deprivation. Assuming the deprivation was sufficiently serious, Plaintiff fails to link any Defendants to this alleged deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). A person deprives another of constitutional right where that person "does an affirmative act, participates in another's affirmative act, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Id.* Plaintiff thus fails to state an Eighth Amendment claim as to the deprivation of his antipsychotic medication.

### 2. Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *Farmer*, 511 U.S. at 837. Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835.

Plaintiff's allegation regarding being held in administrative segregation and being exposed to excessively loud noises and bright lights may be sufficient to state an Eighth Amendment claim. *Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). It is unclear how long Plaintiff was exposed to these conditions, and thus unclear as to the extent of the serious harm. Even assuming the harm is sufficiently serious, Plaintiff again fails to link this alleged action to any Defendant. *See Johnson*, 588 F.2d at 743. Plaintiff thus fails to state an Eighth Amendment claim as to his claims of excessive noise and lighting.

**B.     First Amendment**

1.     Inmate Grievance

Prisoners have a First Amendment right to file prison grievances, *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003), but do not have a right to any particular response, *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure"). Plaintiff contends that Defendants Billings and Daviega obstructed his ability to exhaust administrative remedies using the inmate appeal system. This in itself is not a constitutional violation, and thus Plaintiff fails to state a First Amendment claim on this basis.

2.     Mail

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prison regulations relating to the regulation of incoming mail are analyzed under the *Turner* reasonableness standard set forth in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). *See Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). The regulation is valid if it is reasonably related to legitimate penological interests. *Turner*, 482 U.S. at 89. In determining the reasonableness of the regulation, the court must consider the following factors: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates," and (4) "the absence of ready alternatives." *Id.* at 89-90.

Plaintiff alleges that his mail is being processed in an untimely manner. This is not sufficient to state a claim, as Plaintiff is alleging only that the process is untimely. This is not sufficient to state a First Amendment claim regarding mail.

**C.     Fourteenth Amendment**

1.     Equal Protection

The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). An equal protection claim may be

5

established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).  A plaintiff must allege sufficient facts either showing intentional unlawful discrimination or "that are at least susceptible of an inference of discriminatory intent." *Byrd v. Maricopa County Sheriff's Dep't*, 565 F.3d 1205, 1212 (9th Cir. 2009) (internal quotations and citation omitted); *see Iqbal*, 129 S. Ct. at 1949-50.

Plaintiff fails to allege a cognizable Equal Protection claim.  Plaintiff contends that placing black and white inmates on race-based lockdowns is invidious discrimination.  Plaintiff is essentially alleging that black inmates are placed on a race-based lockdown just like white inmates.  This is not discrimination on the basis of race, as both black and white inmates appear to have been treated equally.

2.   <u>Due Process</u>

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  *Id.*  Liberty interests may arise from the Due Process Clause itself or from state law.  *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation.  *See id.*  With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation.  *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

The Due Process Clause does not guarantee a right to unfettered visitation.  *Ky. Dep't of*

*Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989).  It is unclear to what extent Plaintiff was denied non-contact visitation.  Plaintiff thus fails to state a cognizable claim regarding visitation.

Plaintiff also alleges that canteen access and yard privileges were denied.  Plaintiff fails to allege what liberty interest Plaintiff would have regarding canteen access.  Plaintiff thus fails to state a cognizable claim.  Plaintiff has not sufficiently alleged what liberty interests Plaintiff has in yard privileges.  Plaintiff also fails to allege to what extent yard privileges were denied.

**D.    Supervisory Liability**

The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff names warden K. Harrington as a Defendant, but fails to link the warden to any act that indicates personal participation in the alleged deprivation, knowledge of the violation and failure to act, or promulgation or implementation of a constitutionally deficient policy.  Plaintiff thus fails to state a claim for any supervisory liability.

///

///

**IV.     Conclusion and Order**

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 8, 2010**           /s/ **Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE